- FILED
SUPERIOR COURT
OF GUAM

2022 JUN 22 AM 9: 28

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM,<br><br>vs.<br><br>VINCE PHILLIP,<br>*aka Vince Phillip Phillip*<br>DOB: 12/15/1999<br><br>Defendant. | Criminal Case No. CF0074-19<br><br>**DECISION AND ORDER**<br>(Revoking Probation and Sentencing) |
| --- | --- |

## INTRODUCTION

This matter is before the Honorable Arthur R. Barcinas on May 5, 2022, for a revocation hearing. Alternate Public Defender Ana Maria C. Gayle represents Defendant Vince Phillip ("Defendant"). Deputy Attorney General James Basil O'Mallan III represents the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Revoke Probation and **SENTENCES** Defendant pursuant to the Judgment with credit for time served.

## BACKGROUND

On December 12, 2019, Defendant entered a guilty plea to the offense of Criminal Trespass (as a Misdemeanor), via information. Under the Plea Agreement, Defendant was sentenced to one (1) year incarceration, all suspended, with credit for time served. Defendant was placed on supervised probation for a period of two (2) years. Among other conditions, the Plea Agreement requires Defendant to complete the following: (1) pay a two-hundred-dollar

($200.00) fine, (2) pay eighty dollars ($80.00) in court costs, (3) obtain a high school diploma or GED, (4) report to the Client Services and Family Counseling Division ("CSFC") of the Court for intake and assessment, and (5) perform seventy-five (75) hours of community service.

Probation filed a First Violation Report on May 28, 2020, indicating that Defendant violated numerous conditions of his probation, namely that Defendant (1) failed to check in monthly; (2) failed to make payments toward his court fine of $200.00; (3) failed to make payments toward his court costs of $80.00; (4) failed to check-in at CSFC for an assessment; and (5) failed to complete seventy-five (75) hours of community service.

On January 26, 2021, Probation filed a Petition for Warrant or Summons for Offender Under Supervision, wherein it indicated that Probation believes that Defendant has violated his conditions of supervision—failure to report and outstanding terms. That same day the Court issued an Order and Summons for Defendant to appear on for a Violation Hearing to be held on April 1, 2021. Then on March 9, 2021, the Marshals Division filed an Affidavit of Non-Service, informing the Court that Defendant could not be located and that his contact information had not been updated.

A violation hearing was held on April 1, 2021, where Defendant failed to appear. As such, the Court issued a warrant for Defendant's arrest and set bail at $1,000.00. The warrant was executed on March 9, 2022, and Defendant was confined at the Department of Corrections. A return of warrant hearing was held on March 16, 2022, wherein the People indicated that it will be moving to revoke.

On March 23, 2022, the People filed a Motion to Revoke Probation on the grounds that Defendant inexcusably failed to comply with substantial requirements of his probation. On April 6, 2022, Defendant filed an Opposition to the People's Motion, arguing that (1)

revocation does not satisfy the ends of justice and the best interests of the public, and (2) he still has access to and can still benefit from probationary supervision. Defendant requests that the Court give him credit for his time spent in custody toward his fine and community service and close the case.

Probation subsequently filed a Second Violation Report on May 3, 2022, indicating that Defendant failed to obey the laws of Guam, and that on March 18, 2022, Defendant was indicted in CF0144-22 for the following: 2 Counts of Aggravated Assault (As a 3rd Degree Felonies) and one Count of Riot (As a 3rd Degree Felony).

## DISCUSSION

If the court is satisfied that a defendant has inexcusably failed to comply with a substantial requirement of probation, the court may revoke the probation and sentence or re-sentence the defendant, but only if the court determines that under all the circumstances revocation will best satisfy the ends of justice and the best interests of the public. 9 GCA § 80.66(a)(2).

Probation revocation is a two-step process. First, the trial court must determine if a probation violation occurred. If a violation is proven, then the court must determine if the violation warrants revocation of probation. *People v. Camacho*, 2009 Guam 6 ¶ 27. If the court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. 9 GCA § 80.66(b).

Defendant does not dispute that he has violated the terms of his probation. The sole question before the Court is whether Defendant's violations warrant revocation of probation. Defendant argues (1) that revocation would not best satisfy the ends of justice and the best interests of the public, and (2) that Defendant still has time to complete his requirements and

benefit from the guidance and treatment probation has to offer. Def's Opp'n p. 2-3 (April 6, 2022).

**A. Revocation will satisfy the ends of justice and the public's best interest.**

Here, Defendant's argument that revoking his probation does not best satisfy the ends of justice and the best interests of the public fails. Defendant failed to check-in at CSFC for an assessment. "Protection of the public depends in part on maximum contact between a probation officer and probationer." *Camacho*, 2009 Guam 6 ¶ 32. The record reflects that Defendant's last reported to Probation for intake on December 12, 2019, which in turn means that Defendant failed to check-in for at least five months before the First Violation report was filed. As Defendant has not offered a sufficient excuse for his non-compliance with a substantial requirement of his probation on multiple occasions, his lack of contact with the Probation Division curtails protection of the public. Therefore, the Court finds that revoking Defendant's probation satisfies the ends of justice and is in the public's best interests.

**B. Defendant's actions reflect his unwillingness to complete probation conditions and benefit from probation's guidance and treatment.**

Defendant acknowledges his failure to complete the conditions of his probation. Defendant argues that the treatment offered while incarcerated is not equivalent to or better than the services offered while on probation. Def's Opp'n p. 3 (April 6, 2022). Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26. In the instant case, the Court granted the favor, on behalf of the state, for Defendant to receive all treatment recommendations from CSFC as part of Defendant's probation conditions. However, as mentioned earlier, Defendant failed to report for CSFC's assessment. The Court is not persuaded by Defendant's argument that he is willing to benefit from treatment, because Defendant failed to report to CSFC for assessment. Regardless of its

quality, treatment will not benefit Defendant if he refuses to take the first step to receive treatment. Further, instead of demonstrating a willingness to improve himself through probation, Defendant has also failed to complete seventy-five (75) hours of community service. Because Defendant is unwilling to take advantage of probation's guidance and comply with its conditions, the Court is satisfied that these grounds warrant revocation of Defendant's probation.

## CONCLUSION

For the above reasons, the Court **GRANTS** the People's Motion for Revocation, and **SENTENCES** Defendant pursuant to the Judgment, with credit for time served.

**IT IS SO ORDERED** ___JUN 2 2 2022___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam